IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, as assignee of CHESAPEAKE OPERATING, INC., | No. 4:22-CV-01465 |
| | (Chief Judge Brann) |
| Plaintiff, | |
| v. | |
| FIRST MERCURY INSURANCE CO., | |
| Defendant. | |

**MEMORANDUM OPINION & ORDER**

**JANUARY 30, 2026**

Plaintiff Schlumberger Technology Corporation ("Plaintiff") sued Defendant First Mercury Insurance Co. ("Defendant") for denying coverage of a personal injury lawsuit filed against Schlumberger.[1] Specifically, Plaintiff claims that Defendant acted in bad faith in denying Plaintiff's insurance claim.[2]

Plaintiff previously filed a motion to compel documents that Defendant withheld as purportedly protected by the attorney client privilege.[3] The difficulty of this case is that several persons involved in the insurance adjusting process were attorneys, rendering the attorney client privilege murky in the abstract. After a long analysis, the Court ordered Defendant to produce specific documents or parts of documents related to the insurance adjusting process, given that "'[a]n insurance company cannot

---

[1] *See* Doc. 15 (Amend. Compl.).
[2] *Id.* at ¶¶ 28, 45.
[3] Doc. 54 (Mot. to Compel);

reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate, and make a decision with respect to claims made . . . by its insureds.'"[4] In the Memorandum Opinion ordering Defendant to produce any such documents, the Court stated that Defendant was to "conduct a thorough review" of the disputed documents and could, if necessary, submit documents that it "truly believes" were covered by the attorney-client privilege.[5]

Now, Defendant submits the instant motion for *in camera* review of documents, asking for the Court to review of all of the same, previously disputed documents.[6] Defendant cannot claim in good faith that *no parts* of the previously withheld documents should be provided to Plaintiff under the Court's reasoning in the prior

---

[4]  Doc. 68 (Memo.) (quoting *Shaffer v. State Farm Mut. Auto. Ins. Co.*, No. 1:13-CV-01837, 2014 WL 931101, at *2 (M.D. Pa. Mar. 10, 2024).

[5]  Doc. 68 at 11 n.50. In support of the instant motion, Defendant characterizes this as invitation to submit the same documents that were contested in the earlier dispute. Doc. 71 (Br. in Supp.) at 2. Not so. The Court clearly limited any such "invitation" to good faith disputes. Doc. 68 at 11 n. 50.

Defendant seemingly has not even attempted to apply the guidance from the Court's Memorandum Opinion, *see* Doc. 71 at 7, 8, 9, 10, as Defendant's brief amazingly regurgitates the same arguments previously analyzed and addressed at length by this Court. Doc. 71 at 10 ("There can be no credible dispute by Plaintiff that communications and documents between a party and its counsel in the course of active litigation are protected from disclosure."). The Court's Memorandum Opinion *resolved* this very dispute and clarified when communications to a party's counsel are protected and when they must be disclosed. *See* Doc. 68 at 7, 9 ("To the extent that these attorneys served a dual role in representing Defendant, the attorney-client privilege would extend to communications prepared while they acted as legal counsel, but not to their work in processing and denying Plaintiff's claim.") (internal quotation omitted).

[6]  Doc. 70 (Mot.); Doc. 71 at 6 ("FMIC submits to the Court that it has already produced all relevant, non-privileged documents that fall within this description.").

Memorandum Opinion. Additionally, "[t]o the extent possible, documents should be redacted to remove privileged information, rather than clawed back in their entireties."[7]

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion for an *in camera* review, Doc. 70. is **DENIED** as written. Defendant should refile the motion after genuinely attempting to apply the Court's previous Order. The Court will grant Defendant's motion for review of documents once it is clear to the Court that Defendant has made a good faith effort to disclose non-privileged documents, or at the very least documents with privilege redactions, to Plaintiff that fall within the scope of the Court's previous Order.

Should Defendant continue to fail to comply with the Court's Order, for instance resubmitting the same documents without making a genuine effort to redact or withhold genuinely privileged documents using the Court's clear analysis as a guide, the Court will require Defendant to turn over *all* documents at issue to Plaintiff.[8]

                                                BY THE COURT:

                                                *s/ Matthew W. Brann*
                                                Matthew W. Brann
                                                Chief United States District Judge

---

[7] *Arconic Inc. v. Novelis Inc.*, No. 17-1434, 2019 WL 911417, at *2 (W.D. Pa. Feb 26, 2019).

[8] This is a permissible sanction under Federal Rule of Civil Procedure 37. See FED. R. CIV. P. 37(c)(1)(C); *Dietz & Watson, Inc. v. Liberty Mut. Ins. Co.*, No. 14-4082, 2015 WL 2069280 (E.D. Pa May 5, 2015) (Reuter, M.J.) (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 386 (3d Cir. 2007) ("[P]reventing a party from asserting the attorney-client privilege is a legitimate sanction for abusing the discovery process.") and *In re 400 Walnut Assocs.*, L.P, 475 B.R. 217, 231–32 (E.D. Pa. 2012) (court found waiver of attorney-client privilege as to a non-party as a sanction for abuse of the discovery process)).